UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

v.                                             Crim. No.1:05-CR-06

Loren Bedward,

Defendant.

## REPORT AND RECOMMENDATION
(Doc. 49)

Loren Bedward, proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate

his 2006 federal firearms conviction.  (Doc. 49.)  Bedward was indicted and pled guilty to

the offense of possession of a firearm having been previously convicted of a

misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9).  (Docs.

2, 14.)  He seeks to have his conviction vacated, correctly arguing that the Judgment

following his sentencing erroneously described the offense in short narrative form as

"Felon in Possession of a Firearm."  (Doc. 49.)

For the reasons set forth below, I recommend that Bedward's Motion to Vacate his

conviction be denied.  However, I further recommend that the Court issue an Amended

Judgment to correct this clerical oversight pursuant to Federal Rule of Criminal

Procedure 36.

## Background

The records of this Court reveal that on January 12, 2005 an indictment was filed

charging Bedward with one count of violating 18 U.S.C. § 922(g)(9), which makes it

unlawful for a person with a prior conviction for a misdemeanor crime of domestic violence to possess a firearm in or affecting interstate commerce.  (Doc. 2.)  On June 7, 2005 a plea agreement was filed in which Bedward agreed in writing to "plead guilty to the Indictment charging him with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(9)."  (Doc. 14.)  On August 9, 2005 Bedward appeared before U.S. District Judge J. Garvan Murtha to change his plea pursuant to Federal Rule of Criminal Procedure 11.  (Doc. 54.)  The transcript of that proceeding reveals that during the change of plea proceeding, Judge Murtha read the charging document directly to Bedward, stating:

[Court]:  It's my understanding you are prepared to enter a plea of guilty to the indictment; is that correct?

[Bedward]:  Correct.

. . . .

[Court]:  What the charge says is that on or about January 6, 2004, in Vermont, that you had been previously convicted of a misdemeanor crime of domestic violence, that is on February 24, 2003, the crime being domestic assault, in the Windham County District Court, with a certain docket number that's mentioned there, and that you knowingly possessed a firearm, that is a Smith and Wesson Model 622, 22 caliber pistol, serial number UAD8958, and that the pistol had been shipped or transported in interstate or foreign commerce.  That's the charge that you are prepared to plead guilty to?

[Bedward]:  Yes, sir.

(Doc. 54 at 3-4)

Judge Murtha thereupon explained the elements of a § 922(g)(9) charge to Bedward, explaining that the government would have to prove Bedward had been previously convicted of a misdemeanor crime of domestic violence as specified in the

2

indictment.  (Doc. 54 at 4.)  Following a thorough inquiry consistent with the demands of

Federal Rule of Criminal Procedure 11, the Court accepted the plea of guilty, finding that

it was competently and knowingly made by Bedward "with full knowledge of the charge

against him."  (Doc. 54 at 14-15.)  The Court ordered the preparation of a Pre-Sentence

Report ("PSR") in anticipation of sentencing.

On January 30, 2006 Bedward appeared for sentencing.  The PSR correctly

determined that Bedward's advisory Sentencing Guideline range was based on 18 U.S.C.

§ 922(g)(9), the offense of conviction.  There were no factual disputes to be resolved at

time of sentencing and the sentencing transcript reveals a joint recommendation by the

parties that the Court impose a sentence of 30 months.  (Docs. 28, 31.)  Bedward was

indeed ultimately sentenced to the 30 month term.  (Doc. 33 at 2.)  It appears, however,

that two errors occurred at sentencing.  In pronouncing Bedward's sentence, the Court

orally referred to the offense of conviction as being "felon in possession of a firearm," an

apparent, yet erroneous, recitation to the offense found instead at 18 U.S.C. § 922(g)(1).

(Doc. 55 at 10.)  The second error is found in the Court's written judgment.  The Court's

written judgment recites the correct statutory citation, being 18 U.S.C. § 922(g)(9), but

also erroneously described the offense in narrative form as being the offense of a "Felon

in Possession of a Firearm," again a shorthand reference to the violation found at 18

U.S.C. § 922(g)(1).  (Doc. 33.)

Bedward was formally advised of his right to appeal from the sentence.  He was

also advised that if he was unable to afford the cost of an appeal he could appeal *in forma*

3

*pauperis,* and that if he could not afford counsel, he could request appointment of counsel.  No notice of appeal was filed.

Bedward served the 30 month term.  He later violated his supervised release term and, as a result, Bedward is currently in the custody of the Bureau of Prisons.  Bedward has a scheduled release date of October 26, 2010.

<u>**Discussion**</u>

A person in custody under a sentence of a federal court may seek to vacate that conviction under 28 U.S.C. § 2255(a) if (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) if the Court was without jurisdiction to impose such a sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.  Despite the broad language of § 2255(a), motions that allege violations of federal law are only cognizable if they involve a "fundamental defect which inherently results in a complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

**I.     Timeliness**

The government first argues that Bedward's motion is untimely.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year statute of limitations in which federal prisoners may file an application for a writ of habeas corpus.  28 U.S.C. § 2255(f).  In pertinent part, the statute states:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of:

4

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the judgment and commitment was entered on January 30, 2006. Because Bedward did not file a direct appeal, his sentence became final on February 11, 2006. Fed. R. App. P. 4(b)(1)(A) (direct appeal must be filed within 14 days of entry of judgment); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) (unappealed federal criminal judgment becomes final when time for filing direct appeal expires). Bedward filed his motion on May 21, 2010, over three years after the expiration of the one year deadline. Subsection (1) of § 2255(f) would therefore bar his motion. Nothing is alleged to suggest that subsections (2) and (3) have any application here. Lastly, subsection (4) does not save Bedward's untimely motion. The claim Bedward now raises was apparent to Bedward at his sentencing when the Court referred to the offense of conviction as being one of a "felon in possession of a firearm." Bedward was present when the erroneous reference was made and on notice of it. Therefore, the statute of limitations began to run when his conviction became final on February 11, 2006.

In "rare and exceptional circumstances," courts may toll the one-year limitations period based upon equitable considerations. *Baldayaque v. United States*, 338 F.3d 145, 151 (2d Cir. 2003) (quoting *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001)). In order to merit equitable tolling, the petitioner would have to show reasonable diligence during the time he wishes to have tolled, and that "extraordinary circumstances beyond his control prevented successful filing during that time." *Id*. Here, Bedward has made no showing of extraordinary circumstances preventing him from timely filing his § 2255 motion.

Bedward had one year to bring his claims in a § 2255 motion after his conviction became final. His failure to file within the one-year limitations period now bars his claims.

## II.     Failure to Appeal

The Supreme Court has stated that "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley,* 512 U.S. 339, 354 (1994) (internal quotations omitted)); *see also United States v. Munoz*, 143 F.3d 632, 637 (2d Cir. 1998) ("A motion under § 2255 is not a substitute for an appeal."). Accordingly, the general rule is that a claim not raised on direct appeal is procedurally defaulted and may not provide the basis for § 2255 relief absent a demonstration of cause and prejudice or actual innocence. *See Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007).

"'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis omitted).  Contrary to Bedward's assertions, in this case there is no "newly discovered evidence." (Doc. 49-1.)  As noted above, Bedward was on notice of the Court's erroneous reference and he does not demonstrate cause for his failure to appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (prisoner must show objective factor external to the defense).

When a petitioner has failed to establish cause for his procedural default, the Court need not determine whether he suffered prejudice since both cause and prejudice must be shown. *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Long v. Lord*, No. 03-CV-0461 NFM, 2006 WL 1977435, at *6 (N.D.N.Y. Mar. 21, 2006).  In any event, Bedward cannot show any prejudice since the sentence imposed by the Court was based on the calculation set forth in the PSR.  The sentencing guideline calculation set forth in the PSR was based on the correct statute.  Neither side sought an adjustment in the sentence. Bedward simply cannot show any prejudice arising from the erroneous reference in this case.  Finally, he has not presented evidence to show he is actually innocent of the offense to which he pled guilty. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  His § 2255 motion is, therefore, procedurally defaulted.

## III.    Consideration of Rule 36

Although it is recommended that the Court deny Bedward's petition to vacate his conviction, I further recommend that the Court issue an amended judgment under the

authority of Rule 36 of the Federal Rules of Criminal Procedure.  Rule 36 provides as follows:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

The rule only permits a district court to correct *clerical* errors.  *United States v. Werber*, 51 F.3d 342, 347 & n.13 (2d Cir. 1995); *United States v. Guevremont,* 829 F.2d 423, 426 (3d Cir. 1987) (holding "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature") (internal quotation marks omitted); *United States v. Jones*, 608 F.2d 386, 389 (9th Cir. 1979) ("Rule 36 was intended to allow correction of clerical errors, not to allow reassessment of the merits of an earlier decision after the time for reconsideration or appeal ha[s] elapsed.").  *See also United States v. Alexander*, 860 F.2d 508, 515 (2d. Cir. 1988) (incorrect statutory references in plea agreement and judgment can be corrected at anytime); *Cherry v. United States*, 489 F. Supp. 2d 372, 374-75 (S.D.N.Y. 2007) (amended judgment issued to correct erroneous date of offense set forth in judgment).

Plainly no sentencing error occurred here.  Bedward received the sentence the parties agreed upon.  No decision is being reconsidered by the Court.  Rather, the error here was simply one of recitation.  Bedward was charged with a violation of 18 U.S.C. § 922(g)(9) and pled guilty to that charge.  Importantly, the judgment correctly reflects the statutory citation of the violation.  Nonetheless, there is a justifiable concern the error will

8

follow Bedward.  There may be future unanticipated consequences flowing from the erroneous judgment.  If the Court does issue an amended judgment under Rule 36, such action will not trigger a renewed opportunity to file a notice of appeal.  *Farkas v. Rumore*, 101 F.3d 20, 22 (2d Cir. 1996); *United States v. Lewis*, 921 F.2d 563, 565 (5th Cir. 1991).

## Conclusion

Based on the foregoing, I recommend that Bedward's Motion to Vacate his conviction (Doc. 49) be DENIED.

Dated at Burlington, in the District of Vermont, this 16th day of September, 2010.


/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge



Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation.  *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).